```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
_____
                               )
EDWARD-JUDE O'DOCHARTAIGH,     )
          Petitioner,          )
                               )     CIVIL ACTION
     v.                        )     NO. 21-10847-WGY
                               )
OSVALDO VIDAL, Superintendent, )
          Respondent.          )
                               )
_____
```

YOUNG, D.J.                                            June 4, 2021

### MEMORANDUM AND ORDER

Before the Court is a pro se Petition for Writ of Habeas Corpus submitted by petitioner Edward-Jude O'Dochartaigh. For the reasons set forth below, the petition is DENIED and this action is DISMISSED.

**I.   Background**

Petitioner Edward-Jude O'Dochartaigh, a pre-trial detainee in custody at the Middlesex County Jail and House of Correction in Billerica, Massachusetts, filed his self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. 2241 on May 20, 2021. Docket No. 1. Four days later, on May 24, 2021, he filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. Docket No. 3. In the cover letter accompanying the amended petition, petitioner references Section 2242 and states that it is "better for petitioner to include all of his claims in one habeas corpus action rather than bring

successive actions raising different points." Docket No. 3-1. On May 26, 2021, he paid the $5.00 filing fee. Docket No. 4.

The six-page, typewritten amended petition consists primarily of a recounting of events surrounding the petitioner's arrest and prosecution after returning to the United States from abroad in 2018. Docket No. 3. While abroad, petitioner states that he sought assistance from the United States Embassy and "discovered that [petitioner] required supplemental education regarding the United States and [petitioner's] relationship to it." Id. at p. 1. Upon his return to the United States, petitioner "reject[ed] any efforts to repatriate [petitioner] as a United States citizen [and sought to claim his] inherent State Citizenship for the organic sovereign republic Commonwealth of Massachusetts." Id.

Petitioner challenges the "lawfulness of [his] detention [and] the deprivation of [his] liberty." Id. at p. 1. He complains of the violation of his constitutional rights during court proceedings in Middlesex Superior Court as recently as March 29, 2021, when he was appointed stand-by counsel. Id. at p. 2. Petitioner references several sections of the Uniform Commercial Code in support of the proposition that petitioner has reserved his "common law right not to be compelled to perform under any contract that [petitioner] did not enter into knowingly, voluntarily, and intentionally." Id. at p. 3.

[2]

Petitioner refers himself as "In Propria Persona, Sui Juris," id. at p 6, and complains that "soon every American will be required to register his biological property in a National system designed to keep track of the people that will operate under the ancient system of pledging."  Id. at p. 5.

### II.  Preliminary Screening

Habeas corpus review is available under § 2241 if a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

The Petition has not been served pending the Court's preliminary review of the amended petition.  See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent); see also Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").[1]

### III. Discussion

---

[1] Rule 4 may be applied at the discretion of the district court to other habeas petitions.  See Rule 1(b) of the Rules Governing Habeas Corpus Cases under Section 2254.

To the extent that petitioner seeks to challenge his pretrial confinement, he fails to allege facts showing that his confinement violates federal law.  Petitioner presents several arguments that are commonly raised by "sovereign citizens."[2]  However, even with a liberal construction, these arguments do not remotely suggest that petitioner has a viable legal claim.

To the extent that petitioner seeks to assert a habeas corpus petition to secure his release from pretrial detention, Younger v. Harris, 401 U.S. 37 (1971), mandates abstention from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings. See Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 78 (2013) (noting that Younger "preclude[s] federal intrusion into ongoing state criminal prosecutions"); In re Justices of Superior Court Dept. of Mass. Trial Court, 218 F.3d 11, 16 (1st Cir. 2000) ("[F]ederal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" (quoting Younger, 401 U.S. at 46)).  The criminal proceedings alleged in the petition are judicial in nature, implicate

---

[2] Sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior. United States v. Ulloa, No. 11-5368, 511 Fed. Appx. 105, 107, 2013 WL 535776, at n. 1. (2d Cir. 2013); see also Gauthier v. Kirkpatrick, 2013 WL 6407716, at *17 n.18 (D. Vt. Dec. 9, 2013) (noting courts have described sovereign citizen ideology as "completely without merit," "patently frivolous," and "having no conceivable validity in American law") (citations omitted).

important state interests associated with the State's administration of its laws, afford Petitioner an adequate opportunity to raise federal constitutional challenges, and allow Petitioner to advocate for pretrial release on the same grounds he would cite in this Court.  Here, petitioner has not alleged any facts that would constitute the extraordinary circumstances necessary to overcome the presumption for abstention.

### IV. Conclusion

For the foregoing reasons,

1. The petition for writ of habeas corpus is DENIED and this action is DISMISSED.

2. The Clerk shall enter a separate order of dismissal.

**SO ORDERED.**

    /s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE